**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEMOCRACY RISING PA and TIM POTTS,** | : | **CIVIL ACTION NO. 1:07-CV-0860** |
| | : | |
| | : | **(Judge Conner)** |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN R. CELLUCI, CHARLES A. CLEMENT, JR., CHARLES J. CUNNINGHAM, III, CECILIA GRIFFEN GOLDEN, PATRICK JUDGE, EDWARD R. KLETT, G. CRAIG LORD, CHARLENE R. MCABEE, CYNTHIA N. MCCORMICK, JACK A. PANNELLA, CAROLYN W. RUDNITSKY, JAMES R. WEAVER, and PAUL J. KILLION,** | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| **Defendants** | : | |

## AMENDING ORDER

AND NOW, this 24th day of March, 2009, upon consideration of the

memorandum (Doc. 48) entered in the above-captioned matter on March 20, 2009,

and in anticipation of its publication, it is hereby ORDERED that the memorandum

(Doc. 48) is AMENDED as follows:

1.    In the second sentence of footnote 4, the words "nearly identical" are deleted and replaced with the word "comparable," so that the sentence reads:  There have been many subsequent challenges to identical or comparable versions of the "commits clause."

2.    In the citation to Ind. Right to Life, Inc. v. Sprau, in the citation sentence following the second sentence in footnote 4, the word "Sprau" is deleted and replaced with the word "Shepard," so that the citation reads:  Ind. Right to Life, Inc. v. Shepard, 507 F.3d 545 (7th Cir. 2007).

3. In the citation to <u>Ala. Right to Life v. Feldman</u>, in the citation sentence following the second sentence in footnote 4, the word "<u>Ala.</u>" is deleted and replaced with the word "<u>Alaska</u>," so that the citation reads: <u>Alaska Right to Life v. Feldman</u>, 504 F.3d 840 (9th Cir. 2007).

4. In the citation to <u>Family Trust Found. of Ky. v. Wolnitzek</u>, in the citation sentence following the second sentence in footnote 4, the abbreviation "<u>Inc.</u>" is inserted after the word "<u>Ky.</u>," so that the citation reads:  <u>Family Trust Found. of Ky., Inc. v. Wolnitzek</u>, 345 F. Supp. 2d 672 (E.D. Ky. 2004).

5. In the citation to <u>Pa. Family Inst. v. Black</u>, in the citation sentence that follows the third sentence in footnote 4, the abbreviation "<u>Inc.</u>" is inserted after the word "<u>Inst.</u>" so that the citation reads:  <u>Pa. Family Inst., Inc. v. Black</u>, 489 F.3d 156 (3d Cir. 2007); <u>see also</u> <u>infra</u>.

6. In the third full sentence on page 4, the phrase "before the Disciplinary Board of the Supreme Court of Pennsylvania" is inserted after the parenthetical abbreviation "("ODC")," so that the sentence reads:  Failure to do so may result in prosecution by the Pennsylvania Office of Disciplinary Counsel ("ODC") before the Disciplinary Board of the Supreme Court of Pennsylvania.

7. In the citation sentence following the third full sentence on page 4, the word "205," is inserted after the letter "R." so that the citation reads: (<u>See</u> Doc. 41 ¶ 7); <u>see also</u> PA. RULES OF DISCIPLINARY ENFORCEMENT R. 205, 207(b) (2009).

8. The third sentence of footnote 6 is deleted and replaced with the following:  Potts seeks compensatory relief for expenses incurred in the following endeavors:  "(a) design the questionnaire; (b) draft questions to be included on [the] questionnaire; (c) consult with third parties on the questions to be included on the questionnaire; (d) secure the printing of letterheads, envelopes, and return envelopes for the sending and receiving of questionnaires to and from every judge seeking retention in the 2007 general election and judicial candidate seeking their party's nomination in the 2007 primary election; (e) determine the names and addresses of every judge seeking retention in the 2007 general election and judicial candidate seeking their party's nomination in the 2007 primary election; (f) design the mailing list for the questionnaire; (g) print and affix mailing labels to questionnaire envelopes; (h) prepare the questionnaires for mailing; (i) secure postage for the sending of the questionnaires; (j) send the

2

questionnaires via certified mail; (k) answer questions from judges and judicial candidates who received the questionnaire; (l) answer questions from the media related to the questionnaire; (m) receive and review questionnaires and responses from judges and judicial candidates; and (n) manage and post questionnaire responses on Plaintiff Democracy Rising PA's website."  (Id. ¶ 37.)

9.      In the fourth sentence of footnote 7, the word "entirely" is deleted.

10.     In the citation to Pa. Family Institute v. Black, in the citation clause in the fifth sentence of footnote 7, the word "Institute" is deleted and replaced with the words "Inst., Inc." and the word "Black" is deleted and replaced with the word "Celluci" so that the citation reads:  Pa. Family Inst., Inc. v. Celluci, 521 F. Supp. 2d 351 (E.D. Pa. 2007).

11.     In the sixth sentence of footnote 7, the words "to adopt" are inserted after the word "declines."

12.     In the first sentence of the first full paragraph on page 8, the word "collective" is inserted after the word "candidates'."

13.     In the first sentence appearing on page 9, the words "in order to avoid duplicative litigation and promote judicial economy" are deleted.

14.     In the third sentence of the first full paragraph of page 9, the semicolon following the word "vague" is deleted and a semicolon is inserted after the quotation marks so that the sentence reads: According to the court, "the phrase 'or appear to commit' makes the commits clause unconstitutionally vague'"; by deleting the language, "the clause's core prohibition [remains] intact, [and] only the standard by which violations will be determined" is clarified.

15.     In the first full sentence on page 10, the word "merely" is deleted.

16.     In the citation sentence following the first sentence of the first full paragraph on page 17, the words "Black, 489 F.3d" are deleted and replaced with the abbreviation "Id.," so that the citation sentence reads:  Id. at 166.

17.     In the first sentence on page 18, the words "in the instant matter" are deleted.

18.     In the second full sentence on page 19, the capital letter "C" appearing in the word "Canon" is replaced with a lower-case letter "c," so that the sentence reads:  Plaintiffs present no evidence that but for the *present-day* canon, judicial candidates would be willing to speak.

19.     The first sentence of footnote 13 is deleted and replaced with the following:  Several of the judicial candidates' responses seem to indicate that their chief concern lies in the *appearance* or perception that may result from a substantive reply.

20.     The citation clause within the fifth sentence of footnote 13 is deleted and replaced with the following:  <u>see</u> <u>PFI II</u>, 521 F. Supp. 2d at 380; <u>see also</u> <u>supra</u> note 12.  The amended sentence reads:  These responses reflect anxiety regarding "the unpredictable opinions of third parties," <u>see</u> <u>PFI II</u>, 521 F. Supp. 2d at 380; <u>see also</u> <u>supra</u> note 12, who may erroneously interpret a response as appearing to commit the candidate to a legal position.

21.     In the first full sentence on page 20, the capital letter "C" appearing in the word "Canon" is replaced with a lower-case letter "c," so that the sentence reads:  Rather, their evidence indicates that certain candidates may have been willing to speak but for an *outdated* canon.

22.     In the third full sentence on page 20, the words "a now-nonexistent" are deleted and replaced with the words "the defunct version of a," so that the sentence reads:  Plaintiffs cannot satisfy the standing requirement for prospective relief by proffering evidence that the defunct version of a regulation obstructed speech.

23.     In the citation to <u>Family Trust Found. of Ky.</u> in the first full paragraph of page 20, the letter "E." is inserted before the letter "D." within the parenthetical identifying the court of decision, so that the citation reads:  <u>Family Trust Found. of Ky., Inc. v. Wolnitzek</u>, 345 F. Supp. 2d 672, 680-82 (E.D. Ky. 2004) (finding willing speakers when candidates expressed desire to respond but for judicial canons).

24.     Footnote 14 is deleted and replaced with the following:  The facts of the instant matter are distinct from those presented in <u>Black</u>, where candidates completed multiple choice questionnaires.  <u>See</u> <u>Black</u>, 489 F.3d at 160.  Candidates queried in <u>Black</u> had the option to decline to answer each question, but doing so automatically correlated to an asterisked response indicating that the candidate believed Canon 7B(1)(c) prohibited his or her answer.  <u>Id.</u>  The <u>Black</u> court held that

4

this type of pre-formulated answer was not particularly illuminating because "candidates for the judiciary may feel that announcing their views on legal issues would hinder their ability to effectively dispense justice once they are on the bench." <u>Id.</u> at 168-69.  <u>Black</u> contrasted the multiple choice questionnaires with those allowing a self-generated reply.  <u>See id.</u> at 168 (citing <u>Bader</u> and <u>Wolnitzek</u>).  The reservations expressed by the candidates in the instant matter were entirely self-generated.  Several specifically indicated that Canon 7B(1)(c) prohibited their answer.  Even if some of these candidates were using the canon as a pretext to refrain from speaking, plaintiffs have adduced sufficient evidence to establish the existence of at least one willing speaker for the purposes of Article III standing.

25.   In the citation to <u>Donovan ex rel. Donovan v. Punxsutawney Area Sch. Bd.</u>, appearing at the top of page 23, the parenthetical that reads "(quoting <u>Powel v. McCormack</u>, 395 U.S. 486, 517, 18 (1969))" is deleted, so that the citation sentence appears as follows:  <u>see also Donovan ex rel. Donovan v. Punxsutawney Area Sch. Bd.</u>, 336 F.3d 211, 216 (3d Cir. 2003); <u>Blanciak v. Allegheny Ludlum Corp.</u>, 77 F.3d 690, 698-99 (3d Cir. 1996).

26.   In the citation to <u>Jersey Cent.</u>, following the fifth full sentence on page 24, the word "<u>Power</u>" is inserted after "<u>Jersey Cent.</u>" so that the citation reads:  <u>Jersey Cent. Power</u>, 772 F.2d at 41.

27.   In the last sentence of footnote 15, the phrase stating that the "court has essentially no information upon which to decide the matter conclusively" is deleted and replaced with "matter is not ripe for adjudication," so that the sentence reads:  Consequently, the facts of the case are undeveloped and the matter is not ripe for adjudication.

28.   The citation sentence citing to <u>Spring v. Henry</u>, following the first sentence on page 29, is deleted and replaced with the following:  <u>Springer v. Henry</u>, 435 F.3d 268, 280 (3d Cir. 2006) ("[T]he court should ask whether the [official] acted reasonably under settled law in the circumstances." (quoting <u>Hunter v. Bryant</u>, 502 U.S. 224, 228 (1991) (second alteration in original))).

29.    The second sentence of the first full paragraph of page 30 is deleted
       and replaced with the following:  The ruling in <u>Republican Party of
       Minnesota v. White</u> invalidated a judicial canon that provided: "a
       candidate for a judicial office, including an incumbent judge, shall not
       *announce* his or her views on disputed legal or political issues."


                                    <u>  S/ Christopher C. Conner  </u>
                                    CHRISTOPHER C. CONNER
                                    United States District Judge

6